UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LAWRENCE WILLIAM KLUTE,             )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 10-1126 (RBW)
                                    )
ERIC SHINSEKI, Secretary,           )
Department of Veterans Affairs,     )
                                    )
            Defendant.              )
_____)

## MEMORANDUM OPINION

This case arises from claims brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102, 12111-12 (2006), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 (2006), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794a (2006).[1] Complaint ("Compl.") ¶ 4. The plaintiff asserts that he was discriminated against by the defendant based on his disabilities, race, and sex. Id. ¶ 1. Currently before the Court is the defendant's Federal Rule of Civil Procedure 56 motion for summary judgment. See Defendant's Motion for Summary Judgment ("Def.'s Mot."). For the reasons that follow, the Court concludes that it will sua sponte dismiss all claims without prejudice, and will therefore deny the motion for summary judgment.[2]

---

[1] As will be explained further below, the plaintiff does not actually assert jurisdiction based on Section 501 of the Rehabilitation Act, 29. U.S.C. § 791; rather, he incorrectly asserts Section 503, 29 U.S.C. § 793, as the statutory basis for this Court's jurisdiction.

[2] In resolving the defendant's motion, the Court also considered the following filings: the Amended Complaint ("Compl."); the Defendant's Statement of Material Facts Not in Dispute ("Def.'s Statement"); the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem."); the plaintiff's Brief in Opposition to Summary Judgment ("Pl.'s Opp'n"); and the Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Def.'s Reply").

## I. BACKGROUND

In 1997 the plaintiff suffered a stroke and consequently developed several physical impairments, including peripheral vascular disease, diabetes, stenosis, and lumbar arthritis. Compl. ¶ 8; Pl.'s Opp'n at 2. These conditions affected the plaintiff's ability to write, speak, see, walk, and concentrate. Compl. ¶ 8; Pl.'s Opp'n at 2. Nonetheless, the plaintiff, an attorney, obtained employment with the Department of Veterans Affairs ("VA") in January 2006, where he worked until April 1, 2010. Compl. ¶ 6.

### A. The Plaintiff's Employment at the VA

As an associate attorney at the VA, the plaintiff was required to meet a quota, or "production requirement," of 156 credits (mostly cases) per year. See Plaintiff's Opposition Appendix ("Pl.'s Opp'n App.") at 14 (Sullivan Deposition).[3] During his time at the VA, the plaintiff worked for four different judges on the Board of Veterans Appeals. Id. at 25 (Medical Records). For his first two years at the VA, he received "fully successful" performance reviews. See id. In March 2008, the plaintiff began working for Judge Barry Bohan, from whom he allegedly received "untimely" and "unsatisfactory" ratings on his performance reviews. Id. The plaintiff then began working "excessive hours" to keep up with the production quota. Compl. ¶ 14. As a result of the purported "discriminatory treatment by management, the plaintiff also developed emotional conditions." Pl.'s Opp'n at 3. Specifically, the plaintiff's psychiatrist diagnosed him with adjustment disorder with mixed anxiety and depression. Def.'s Mot., Exhibit ("Ex.") 3 (Letter from Gerald P. Perman, M.D., P.A. ("Perman Letter"); see also Compl. ¶¶ 11, 15. The psychiatrist believed that the plaintiff began suffering from the adjustment disorder with

---

[3] The plaintiff submitted a 66-page appendix with his opposition brief. The plaintiff's numbering of the pages and the page numbers assigned by the Court's electronic docketing system ("ECF") do not correspond and are different by one page. The Court's references to documents in the appendix will correspond to the ECF page numbers.

mixed anxiety and depression on June 11, 2008. Def.'s Mot., Ex. 3 (Perman Letter). According to the plaintiff, this condition worsened to the point that in December, 2008, he needed an accommodation to continue working. Compl. ¶ 9. The plaintiff, sometimes through his psychiatrist, requested an accommodation on three occasions: on December 9, 2008, December 29, 2008, and March 9, 2009. On each occasion the requested accommodation consisted of a reduced caseload and transfer to another "decision team" (or supervisor). Id. ¶¶ 9-10, 13. Each time the request to transfer to a different supervisor was denied. Id. The defendant, through a letter dated December 11, 2008, to the plaintiff from Chief Veterans Law Judge Robert Sullivan, also refused to reduce the productivity requirements, asserting that they were an essential function of the job. Def.'s Reply at 2. In that same letter the defendant advised the plaintiff he could utilize the Family and Medical Leave Act ("FMLA") to have the productivity requirements waived during an extended absence from work. Id. In the same letter the defendant also suggested that the plaintiff could consider part-time employment, which would reduce the productivity requirement in proportion to the number of hours worked. Id.

The plaintiff "missed" work from December 9, 2008 to March 30, 2009, which he claims was a "result of the failure to accommodate." Compl. ¶ 11. When the plaintiff returned to work, Chief Judge Sullivan told him he would need to undergo a "performance improvement plan." Id. ¶ 12; Def.'s Statement ¶ 6. According to the plaintiff, his physical and psychological impairments prohibited him from complying with the productivity requirement without working additional hours, at night, on weekends, and on holidays. Compl. ¶ 14. Unable to endure the stress of maintaining that schedule, the plaintiff retired from his position with the VA on March 31, 2010. Id.

B.  The Plaintiff's Pursuit of Administrative Remedies

Prior to his retirement, on January 13, 2009, the plaintiff sought counseling from the Office of Resolution Management at the VA, Pl.'s Opp'n App. at 2., which the plaintiff refers to and the Court understands to be "EEO counseling," Pl.'s Opp'n at 1.[4]  On the initial contact and interview sheet he submitted to the Office of Resolution Management, the plaintiff indicated that the remedy he was seeking was "assign[ment] to another decision team and judge and relief from quota during his absence."  Pl.'s Opp'n App. at 3.  A February 12, 2009 letter sent to the plaintiff informed him that the informal counseling on his claims would be closed along with two copies of the Notice of Right to File a Discrimination Complaint.  Id. at 4.  The plaintiff filed an official administrative Complaint of Employment Discrimination on February 25, 2009, id. at 6, which he refers to as his "EEO Formal Complaint," id. at 1.  That Complaint was assigned to Administrative Judge Abigail Coleman at the United States Equal Opportunity Employment Commission ("EEOC").  Id. at 8.  On March 12, 2010, in connection with the case pending before the EEOC, the plaintiff deposed three individuals.  Id. at 9, 13, 16.  The plaintiff "filed this action while the case was still pending at the EEOC," and does not include the outcome of the EEOC proceeding in any of his pleadings in this case.  Pl.'s Opp'n at 2.  He filed his Amended Complaint in this case on August 6, 2010.

The plaintiff also apparently at some point submitted a claim to the United States Department of Labor's Office of Workers' Compensation Programs ("OWCP").  Id. at 4; Pl's Opp'n App. at 52.  Based on a report dated May 18, 2010, from the plaintiff's psychiatrist, the OWCP informed the plaintiff in a letter dated June 1, 2010, that his claim had been accepted.  Pl.'s Opp'n App. at 52.  While the plaintiff maintains that the claim was accepted "based upon the

---

[4]  See 29 C.F.R. § 1614.105 ("Aggrieved persons who believe they have been discriminated against on the basis of . . . disability . . . must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.").

4

work-related stress," that the "OWCP found that the VA failed to accommodate [his] condition . . . [,] that he was subjected to unprofessional management treatment," and that OWCP "only accepts work related stress claims if [there] has been discrimination and/or supervisory abuse," Compl. ¶ 15, the Court does not find support for these assertions in the June 1, 2010 letter to the plaintiff from the OWCP or in any of the plaintiff's other filings in this case. The defendant states, on the other hand, that it is his understanding that the plaintiff filed a Workers' Compensation claim as advised in the June 1, 2010 letter "and that, as a result of that claim, [the] [p]laintiff was awarded compensation from the Department of Labor. Def.'s Mot. at 4.

## II. STANDARDS OF REVIEW

"Federal courts are courts of limited jurisdiction." Kokkonen, v. Guardian Life. Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by the Constitution and statute, . . . [i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citing Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); Turner v. Bank of North Am., 4 U.S. 8, 11 (1799)).

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In assessing its jurisdiction over the subject matter of the claims presented, a court "must accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the plaintiff, Brown v. District of Columbia, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (internal quotation marks omitted), but courts are "not required . . . to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). Further, the "court may

5

consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000). Ultimately, however, the plaintiff bears the burden of establishing the Court's jurisdiction, Rasul v. Bush, 215 F. Supp. 2d 55, 61 (D.D.C. 2002), and where subject-matter jurisdiction does not exist, "the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must also "give the defendant fair notice of what the claim is and the grounds on which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted), and "although detailed factual allegations are not necessary . . . to provide the grounds of entitlement to relief, a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action." Id. A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). In assessing whether the plaintiff's complaint states a claim upon which relief may be granted, "[t]he complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal citations omitted). Moreover, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

## III. ANALYSIS

As noted above, the plaintiff brings this action under the ADA, the Rehabilitation Act, and Title VII. See Compl. ¶¶ 1-2. While it is not necessarily easy to parse the plaintiff's complaint or the legal basis for the claims it purports to assert, the Court's analysis of the issues raised by the plaintiff can best be addressed by examining these three statutes, which the Court will do in turn.

### A. The Americans with Disabilities Act

Although the defendant does not raise the issue, it is clear from the Court's review of the law that the ADA does not apply to employees of the federal government because the federal government is not considered an "employer" under the ADA. See 42 U.S.C. § 12111(5)(B)(i) (2006) (specifically excluding "the United States" from the definition of "employer"); Rand v. Geithner, 609 F. Supp. 2d 97, 100 (D.D.C. 2009) ("The exclusive remedy for federal employees alleging that federal agencies engaged in disability discrimination is Section 501 of the Rehabilitation Act . . . ."). Accordingly, because it is quite obvious that the plaintiff cannot prevail on a claim against the VA brought under the ADA, the Court will sua sponte dismiss the ADA claims pursuant to Rule 12(b)(6). See Boritz v. United States, 685 F. Supp. 2d 113, 126 (D.D.C. 2010) (observing that it is established in this Circuit that claims may dismissed sua sponte when the "'plaintiff cannot possibly win relief'" (quoting Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994))).

### B. The Rehabilitation Act of 1973

#### 1. The several sections of the Rehabilitation Act

The plaintiff asserts that "statutory authorization to hear this case is based upon . . . Section 503 of the Rehabilitation Act of 1973." Compl. ¶ 5. However, as the defendant

correctly observes, Section 503 of the Rehabilitation Act applies only to employment under federal contracts, see Def.'s Mem. at 3 (citing 29 U.S.C. § 793); 29 U.S.C. § 793(b) ("If any individual with a disability believes any contractor has failed or refused to comply with the provisions of a contract with the United States, relating to employment of individuals with disabilities, such individual may file a complaint with the Department of Labor."), and "[t]he only proper basis for federal employees to bring claims of disability discrimination is § 501 of the Rehabilitation Act."[5] Def.'s Mem. at 3 (citing Taylor v. Small, 350 F.3d 1286 (D.C. Cir. 2003)). The defendant continues, "[d]espite [the] [p]laintiff's lack of statutory basis to support his allegation, this Motion proceeds as though [the] [p]laintiff had actually claimed statutory authorization based on § 501." Def.'s Mem. at 3. The defendant therefore appears to concede, or at least does not challenge, that the plaintiff has appropriately stated a claim against the VA under 29 U.S.C. § 791.

While the defendant may concede that a claim has been stated against it, the "'cases are legion holding that a party may not waive a defect in subject-matter jurisdiction or invoke federal jurisdiction simply by consent.'" Dailey v. Park, 468 F. Supp. 2d 209, 214 (D.D.C. 2007) (quoting Pennsylvania v. Union Gas Co., 491 U.S. 1, 25 (1989)). Accordingly, before addressing the merits of a claim authorized by § 501 of the Rehabilitation Act, the Court must ensure that it has jurisdiction to hear such a claim. As explained below, the Court determines that it lacks subject-matter jurisdiction over the plaintiff's claim asserted under the Rehabilitation Act.

---

[5] Section 501 of the Rehabilitation Act is codified at 29 U.S.C. § 791.

2. The jurisdictional requirements of Section 501

"The [Rehabilitation] Act limits judicial review to employees 'aggrieved by the final disposition' of their administrative 'complaint.'" Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006) (quoting 29 U.S.C. § 794a(a)(1)); see Rand, 609 F. Supp. 2d at 100 ("A person alleging a violation of Section 501 is required to exhaust administrative remedies before bringing claims to federal court."). "'[U]nlike some exhaustion requirements, Section 501's is jurisdictional.'" Rand, 609 F. Supp. 2d at 100 (alteration in original) (quoting Moore v. Schafer, 573 F. Supp. 2d 216, 219 (D.D.C. 2008)). "Thus, if a plaintiff fails to exhaust his . . . Rehabilitation Act claims as required by Section 501, the claims are subject to dismissal for lack of subject[-]matter jurisdiction," Rand, 609 F. Supp. 2d at 100, because "'jurisdictional exhaustion,' . . . may not be excused." Spinelli, 446 F.3d at 162 (quoting Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1247 (D.C. Cir. 2004).

Title 29 of the Code of Federal Regulations sets forth the administrative process for filing discrimination complaints against the federal government. First, one who believes he has been subjected to discrimination by his federal-government employer "must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. 1614.105(a). "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory. . . . " Id. § 1614.105(a)(1). "At the initial counseling session, Counselors must advise individuals in writing of their rights and responsibilities, including . . . that only the claims raised in pre-complaint counseling . . . may be alleged in a subsequent complaint filed with the agency." Id. § 1614.105(b)(1). If the matter is not resolved by the pre-complaint counseling, "the aggrieved person shall be informed in writing by the Counselor . . . of the right to file a discrimination complaint." Id. § 1614.105(d). The complainant then has

fifteen days to file a formal administrative complaint. Id. § 1614.106(b). "When a complainant requests a hearing, the Commission shall appoint an administrative judge to conduct a hearing. . . . Upon appointment, the administrative judge shall assume full responsibility for the adjudication of the complaint, including overseeing the development of the record." Id. § 1614.109(a). "[A]n administrative judge shall issue a decision on the complaint, and shall order appropriate remedies and relief where discrimination is found. . . . If an agency does not issue a final order within 40 days of receipt of the administrative judge's decision . . . , then the decision of the administrative judge shall become the final action of the agency." Id. § 1614.109(i). Finally, and importantly for this case, "[w]hen an administrative judge has issued a decision . . . the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision. The final order shall notify the complainant whether . . . the agency will fully implement the decision . . . [,] and shall contain notice of the complainant's right to appeal to the [EEOC and] the right to file a civil suit in federal district court." Id. § 1614.110.[6]

Here, the record currently before the Court does not confirm that the plaintiff exhausted his administrative remedies as required for the Court to exercise subject-matter jurisdiction over his Rehabilitation Act claims. It is clear that the plaintiff initiated the informal counseling required by 29 C.F.R. 1614.105(a). Pl.'s Opp'n App. at 2-3. The counselor completed that counseling and informed the plaintiff of his right to file a formal administrative complaint, id. at 4-5, which the plaintiff did on February 25, 2009, id. at 6-7. It then appears that the plaintiff at

---

[6] The VA has distilled these regulations for the layperson in an "Equal Employment Opportunity (EEO) Complaint Procedures" page on their website. See United States Department of Veterans Affairs, Equal Employment Opportunity (EEO) Complaint Procedures, (April 20, 2011), available at http://www.va.gov/orm/Complaint_procedures.asp (presenting the question "Who will issue the final decision concerning my complaint?," and responding "VA's Office of Employment Discrimination Complaint Adjudication (OEDCA) issues final agency decisions on the merits of discrimination complaints. OEDCA also takes final action on complaints that have been decided by EEOC administrative judges").

some point requested a hearing, which was acknowledged in an order issued by an EEOC administrative judge on November 27, 2009. Id. at 8. The EEOC proceedings were still in progress on March 12, 2010, when the plaintiff deposed three VA employees. See id. at 9, 13, 16. However, after that the trail of what occurred in the administrative proceedings runs cold, as the plaintiff admits that he "filed this action while the case was still pending at the EEOC." Pl.'s Opp'n at 2. Under the circumstances presented here, where a complainant has requested an administrative hearing and is progressing with a case before the EEOC, the agency's "final action" depends on the outcome of the EEOC proceedings. See 29 C.F.R. § 1614.1110. Because the plaintiff filed this case before the EEOC proceedings concluded, it stands to reason that there was no final agency decision concerning his assertions in his administrative complaint that the VA failed to accommodate him and discriminated against him on the basis of his disability.

As noted above, "[t]he [Rehabilitation] Act limits judicial review to employees aggrieved by the final disposition of their administrative complaint," Spinelli, 446 F.3d at 162 (internal quotation marks omitted), the failure to exhaust administrative remedies subjects claims brought under Section 501 Rehabilitation Act to dismissal for lack of subject-matter jurisdiction, Rand, 609 F. Supp. 2d at 100, and the plaintiff ultimately bears the burden of establishing the Court's jurisdiction, Rasul, 215 F. Supp. 2d at 61. Accordingly, because the Court's review of the applicable law and the application of that law to the facts before the Court leads it to conclude that the plaintiff has not sufficiently demonstrated that he exhausted his administrative remedies, the Court must dismiss his Rehabilitation Act claims, which the defendant concedes are brought under Section 501, for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

C. Title VII of the Civil Rights Act of 1964

Title VII prohibits discrimination on the basis of race and sex, among other categories.[7] 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin.")

As noted above, the plaintiff alleges that the VA discriminated against him on the basis of his sex and race. The Complaint does not, however, contain facts supporting either the race or sex discrimination claims. Indeed, the only point at which the Complaint mentions the purported discrimination on the basis of race or sex is in the first paragraph, which merely states in conclusory terms "that [the plaintiff] was subjected to discrimination on the basis of his sex, race[,] and disabilities[,] as more fully described [below.]" Compl. ¶ 1. But a more detailed description does not appear anywhere else in the Complaint.

Despite recognizing that the Complaint did not state a race or discrimination claim upon which relief could be granted, see Def.'s Mem. at 3 (asserting that "there are no factual allegations in the complaint related to [the] [p]laintiff's race or sex" and contending that "these claims should be dismissed"), the defendant moved for summary judgment pursuant to Rule 56 rather than for dismissal pursuant to Rule 12(b)(6). While it is true that the second full paragraph

---

[7] As with the plaintiff's Section 501 Rehabilitation Act claims, the record currently before the Court does not reflect that the plaintiff has exhausted the administrative remedies with respect to his Title VII claims. Unlike Section 501, however, Title VII's "exhaustion requirement is not jurisdictional," Fennell v. AARP, Civil Action No. 09-1976, 2011 WL 899334, at *5 (D.D.C. March 16, 2011) (CKK) (citing Artis v. Bernanke, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011)), and "the exhaustion of administrative remedies is an affirmative defense for which the [d]efendant, not the [p]laintiff, bears the burdens of pleading and proof." Hodge v. United Airlines, 666 F. Supp. 2d 14, 20 n.4 (D.D.C. 2009) (citing Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997). Accordingly, the Supreme Court has held that "'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" Hodge, 666 F. Supp. 2d at 17 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). The defendant does not raise the issue of whether the plaintiff adequately exhausted his administrative remedies.

on page three of the defendant's memorandum in support of its motion for summary judgment does assert entitlement to dismissal based on the inadequacy of the factual allegations in the Complaint, by actually moving solely for summary judgment under Rule 56 the defendant significantly broadened the scope of the Court's inquiry from assessing only the sufficiency of the factual allegations made in the Complaint to whether there exists any genuine issue of material fact. See Fed. R. Civ. P. 56(a). Thus, the plaintiff understandably geared his arguments in opposition to the defendant's motion for summary toward seeking to demonstrate the existence of issues of material fact rather than addressing the adequacy the factual allegations contained in his Amended Complaint. See Pl.'s Opp'n at 6 (maintaining that some attorneys who were granted transfers by the VA were of a different race and gender than the plaintiff); Pl.'s Opp'n App. at 7, 48-51 (e-mails concerning "attorney moves").

      The Court therefore finds itself in a unique situation—having before it, on the one hand, inadequately pleaded Title VII claims that are not actually challenged by the defendant on that ground, while, on the other hand, facing the defendant's failure to show that he is entitled to the relief requested (summary judgment) because the plaintiff has shown the existence of genuine issues of material fact that precludes the Court from granting the relief requested by the defendant. Not wanting to prejudice the plaintiff for the defendant's perplexing decision to move for summary judgment, but also not wanting to expend scarce judicial resources retaining on its docket a case which consists now of only inadequately pleaded claims, see Fed. R. Civ. P. 8(a)(2) (requiring that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief"), the Court will dismiss the plaintiff's race and sex discrimination claims without prejudice, see Best, 39 F.3d at 331 ("Complaints may also be dismissed, sua sponte if need be, under Rule 12(b)(6) . . . ."), and will grant the plaintiff leave

to file a second amended complaint if sufficient facts exist that merit such a filing, see Fed. R. Civ. P. 15(a)(2) (providing that leave to amend pleadings "should freely [be] give[n] when justice so requires).

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is denied, and the plaintiff's claims are dismissed without prejudice.[8]

**SO ORDERED** this 12th day of July, 2011.

REGGIE B. WALTON  
United States District Judge

---

[8] The Court will contemporaneously issue an order consistent with this Memorandum Opinion.